**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CORKSCREW MINING VENTURES, LTD., ) <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> PREFERRED UNLIMITED INC., and ) <br> PREFERRED REAL ESTATE ) <br> INVESTMENTS, INC. F/K/A ) <br> PREFERRED UNLIMITED INC.  ) <br>  ) <br> Defendants.  ) <br> _____) | C.A. No. 09-537 (SLR) |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### The Parties

1. Admitted.

2. The allegations of Paragraph 2 are denied as stated. It is admitted only that Preferred Unlimited Inc. is a Delaware Corporation whose registered agent is The Corporation Trust Company located at 1209 Orange Street, Wilmington, DE 19801. However, it is denied that Preferred Unlimited Inc. is properly a party to this action. Preferred Unlimited Inc. was not formed and did not exist until after the time of the events that form the basis for Plaintiff's claims and has no connection to this action.

3. Admitted.

4. The allegations of Paragraph 4 are denied as stated. It is admitted only that Preferred Real Estate f/k/a Preferred Unlimited was formerly known as Preferred Unlimited Inc., and, on December 11, 2008, filed an amendment with the Pennsylvania Secretary of State to change its name to Preferred Real Estate Investments, Inc. and that the name change was to be

effective on January 1, 2009.  To the extent that Paragraph 4 alleges that Preferred Real Estate f/k/a Preferred Unlimited and Preferred Unlimited are the same entity or related entities for purposes of this litigation, the allegations of Paragraph 4 are denied.

5. Denied.

6. The allegations of Paragraph 6 are denied as stated.  It is admitted only that Preferred Real Estate f/k/a Preferred Unlimited established Preferred Unlimited of Corkscrew Holding Company, LLC, which is a Delaware limited liability company.  It is specifically denied that Preferred Unlimited of Corkscrew Holding Company, LLC owns the Mine.  Preferred Unlimited of Corkscrew, LLC owns the Mine.

### Jurisdiction

7. The allegations of Paragraph 7 consist of a legal conclusion to which no responsive pleading is required.  However, to the extent that a response is deemed required, Defendants deny the allegations of Paragraph 7.  This action has properly been removed and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441.

8. The allegations of Paragraph 8 consist of a legal conclusion to which no responsive pleading is required.  However, to the extent that a response is deemed required, Defendants deny the allegations of Paragraph 8.

9. The allegations of Paragraph 9 are denied as stated.  It is admitted only that Preferred Real Estate f/k/a Preferred Unlimited is a Pennsylvania entity.

10. The allegations of Paragraph 10 are denied as stated.  It is admitted only that Preferred Real Estate f/k/a Preferred Unlimited established the Holding Company.

11. The allegations of Paragraph 11 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied.  Defendants refer the Court to the

Agreement for its complete and contextually accurate terms.  It is denied that Preferred Unlimited was a party to that Agreement or agreed to be bound by the Agreement's choice of forum and choice of law clauses.

## Background and Facts

12. The allegations of the first sentence of Paragraph 12 are denied as stated.  It is admitted only that Plaintiff and Preferred Real Estate f/k/a Preferred Unlimited entered into an Agreement whereby Plaintiff obtained units in the Holding Company.  It is denied that Preferred Real Estate f/k/a Preferred Unlimited "valued" the units at $4,000,000.  Preferred Real Estate f/k/a Preferred Unlimited refers the Court to the Agreement for its complete and contextually accurate terms.  The allegations of the second sentence of Paragraph 12 are denied as stated.  It is admitted only that the Agreement was executed at the closing for the sale of the Mine.  It is denied that Preferred Real Estate f/k/a Preferred Unlimited directly purchased or held the Mine.  Preferred Unlimited of Corkscrew, LLC holds title to the Mine.

13. The allegations of Paragraph 13 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied.  Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

14. The allegations of Paragraph 14 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied.  Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

15. The allegations of Paragraph 15 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied.  Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

16. The allegations of Paragraph 16 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied. Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

17. The allegations of Paragraph 17 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied. Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

18. The allegations of Paragraph 18 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied. Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

19. The allegations of Paragraph 19, including the allegations of Footnote 1, are denied.

20. The allegations of Paragraph 20 are denied as stated. It is admitted only that Preferred Real Estate f/k/a Preferred Unlimited did not purchase the units on or before March 16, 2009.

21. The allegations of the first sentence of Paragraph 21 are denied. The allegations of the second sentence of Paragraph 21 are denied as stated. It is admitted only that Preferred Real Estate f/k/a Preferred Unlimited did not close on the purchase of the units on or before March 19, 2009.

22. Defendants lack knowledge sufficient to form a belief as to whether Plaintiff knew of the existence of Preferred Unlimited on April 20, 2009, and therefore deny the allegations of the first sentence of Paragraph 22. It is admitted only that Plaintiff sent a letter to Preferred Real Estate f/k/a Preferred Unlimited on April 20, 2009. Defendants admit the allegations of the second and third sentences of Paragraph 22.

23. The allegations of Paragraph 23 consist of Plaintiff's characterizations of certain portions of a written document and are therefore denied. Defendants refer the Court to the written document for its complete and contextually accurate terms.

24. The allegations of Paragraph 24 consist of Plaintiff's characterizations of certain portions of a written document and are therefore denied. Defendants refer the Court to the written document for its complete and contextually accurate terms.

**COUNT I—Specific Performance (Preferred Real Estate f/k/a Preferred Unlimited)**

25. Defendants re-allege and incorporate their answers to Paragraphs 1-24 as if set forth fully herein.

26. The allegations of Paragraph 26 consist of a legal conclusion to which no responsive pleading is required. However, to the extent that a response is deemed required, Defendants deny the allegations of Paragraph 26.

27. Denied.

28. The allegations of Paragraph 28 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied. Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

29. The allegations of Paragraph 29 consist of a legal conclusion to which no responsive pleading is required. However, to the extent that a response is deemed required, Defendants deny the allegations of Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

**COUNT II—Specific Performance (Preferred Unlimited)**

33. Defendants re-allege and incorporate their answers to Paragraphs 1-32 as if set forth fully herein.

34. The allegations of Paragraph 34 consist of a legal conclusion to which no responsive pleading is required. However, to the extent that a response is deemed required, Defendants deny the allegations of Paragraph 34.

35. Denied.

36. The allegations of Paragraph 36 consist of a legal conclusion to which no responsive pleading is required. However, to the extent that a response is deemed required, Defendants deny the allegations of Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

**COUNT III—Breach of Contract (Preferred Real Estate f/k/a Preferred Unlimited)**

40. Defendants re-allege and incorporate their answers to Paragraphs 1-39 as if set forth fully herein.

41. Denied.

42. Denied.

43. The allegations of Paragraph 43 consist of Plaintiff's characterizations of certain portions of a written agreement and are therefore denied. Defendants refer the Court to the Agreement for its complete and contextually accurate terms.

44. The allegations of Paragraph 44 are denied as stated. It is admitted only that Plaintiff claims it owns a minority interest in the Delaware Holding Company.

45. Denied.

46. Denied.

### COUNT IV—Breach of Contract (Preferred Unlimited)

47. Defendants re-allege and incorporate their answers to Paragraphs 1-46 as if set forth fully herein.

48. Denied.

49. Denied.

50. The allegations of Paragraph 50 are denied as stated. It is admitted only that Plaintiff claims it owns a minority interest in the Delaware Holding Company.

51. Denied.

52. Denied.

The allegations of the unnumbered Paragraphs following Paragraph 52 are denied. Defendants specifically deny that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of laches, estoppel, unclean hands and/or waiver.

3. Plaintiff failed to mitigate any damages it allegedly sustained.

4. Any damages Plaintiff sustained were the result of independent and intervening forces for which Defendants did not cause and are not responsible.

5. Any alleged wrongful acts and/or incidents and/or occurrence and/or breaches complained of by Plaintiff did not occur as stated by Plaintiff or did not occur at all.

6. Plaintiff's claims may be barred by failure of one or more conditions precedent.

7. Plaintiff's claims may be barred by failure of one or more conditions subsequent.

8. Plaintiff's claims are barred by the terms of the Private Placement Memorandum and its Supplements.

9. Defendant Preferred Unlimited Inc. is not a party to the Agreement.

10. Defendant Preferred Unlimited Inc. is not in contractual privity with Plaintiff and owes Plaintiff no duty.

11. Defendant Preferred Unlimited Inc. is not properly a party to this action.

Dated:   August 12, 2009            **DUANE MORRIS LLP**

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)
Travis Rossman (Del. I.D. No. 5229)
1100 North Market Street, 12th Floor
Wilmington, Delaware  19801
Tel:  302.657.4900
Fax:  302.657.4901

*Attorneys for Defendants*