## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORKSCREW MINING VENTURES, LTD., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 09-537 (SLR) |
| v. | ) ) ) | |
| PREFERRED UNLIMITED INC., and PREFERRED REAL ESTATE INVESTMENTS, INC. | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

### STIPULATION FOR REMAND TO THE CHANCERY COURT FOR THE STATE OF DELAWARE AND FOR DISMISSAL OF PREFERRED UNLIMITED INC. AS A PARTY WITHOUT PREJUDICE

WHEREAS, on May 15, 2009, Plaintiff Corkscrew Mining Ventures, Ltd. ("Plaintiff" or "Corkscrew") filed it's Verified Complaint in the Chancery Court for the State of Delaware against Preferred Unlimited Inc. seeking specific performance of the Agreement dated September 19, 2007, or, in the alternative, damages for breach of contract (the "State Court Action"). The State Court Action was assigned civil action number 4601-VCP.

WHEREAS, on July 2, 2009, Plaintiff filed it's First Amended Verified Complaint in which Plaintiff joined as a party Preferred Real Estate Investments, Inc. f/k/a Preferred Unlimited, Inc.

WHEREAS, on July 24, 2009, Defendants filed their Notice of Removal, effectively removing the State Court Action to the United States District Court for the District of Delaware. The case was assigned civil action number 09-537-SLR.

WHEREAS, on August 24, 2009, Plaintiff filed its Motion to Remand to the Court of Chancery of the State of Delaware [D.I. No. 5] (the "Remand Motion") alleging that diversity jurisdiction did not exist and that the United States District Court for the District of Delaware was otherwise without jurisdiction to here the matter.

WHEREAS, on September 8, 2009, Defendants filed their Answering Brief in Opposition to the Remand Motion to support their contentions that diversity jurisdiction did exist [D.I. No. 7] (the "Answering Brief"). Plaintiff filed its Reply Brief in Support of the Remand Motion on September 18, 2009 [D.I. No. 8] (the "Reply Brief").

WHEREAS, on October 14, 2009, Plaintiff supplemented its Reply Brief with an affidavit from William L. Oliver which provided that Mr. Oliver is a resident of the State of Pennsylvania and that Mr. Oliver was a member of Tailwind V.C., LLC, which was a member of Corkscrew. This affidavit was to support the contention that diversity jurisdiction did not exist as, by way of the citizenship of its members, Corkscrew was a citizen of Pennsylvania. Because Preferred Real Estate Investments, Inc. f/k/a Preferred Unlimited, Inc. was also a citizen of Pennsylvania, complete diversity did not exist.

WHEREAS, on October 15, 2009, Defendants issued two (2) subpoenas to William L. Oliver [D.I. No.'s 11, 12] (the "Subpoenas"). Plaintiff filed its Motion to Quash Subpoenas issued to William L. Oliver and for a Protective Order [D.I. No. 15] (the "Motion to Quash") and also requested an emergency teleconference to address the Subpoenas and the Motion to Quash. Plaintiff's request for an emergency teleconference was granted and the teleconference was held on November 9, 2009 (the "Teleconference").

WHEREAS, Counsel for Plaintiff and Counsel for Defendants engaged in discussions for an informal resolution of the Remand Motion, the Motion to Quash and the dismissal of Preferred Unlimited Inc. as a defendant.

NOW THEREFORE, in consideration of the foregoing and in consideration of the terms, conditions and mutual agreements set forth herein, Plaintiff and Defendants hereby agree and stipulate as follows:

1.　　The above recitals are incorporated herein by reference.

2.　　The parties hereby stipulate that both Corkscrew Mining Ventures, Ltd. and Preferred Real Estate Investments, Inc. are citizens of the State of Pennsylvania, and therefore, complete diversity between the parties does not exist.  The parties are not presently aware that this Honorable Court otherwise has jurisdiction to hear this matter.

3.　　The above-captioned civil action, subject to approval of the Court, is to be remanded to the Chancery Court for the State of Delaware.

4.　　In light of the representations made in the Affidavit of D. Charles Houder [D.I. No. 13] ("Houder Affidavit"), the representations made in the Affidavit of Mike O'Neill ("O'Neill Affidavit" attached hereto as Exhibit A), which are incorporated herein by reference, Plaintiff hereby agrees to dismiss Preferred Unlimited Inc. as a party to this litigation without prejudice.  Within ten business days following remand of this Action to the Chancery Court for the State of Delaware, Plaintiff shall file an amended complaint removing Preferred Unlimited Inc. as a defendant.

5.　　The dismissal of Preferred Unlimited Inc. as a party is without prejudice to move for leave to join it as a party should evidence contrary to the representations in the Houder Affidavit or O'Neill Affidavit come to light in the course of these proceedings.

6.      This stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

7.      Nothing herein shall be deemed consent by the Plaintiff to the jurisdiction of the United States District Court for the District of Delaware.

| DUANE MORRIS LLP | CROSS & SIMON, LLC |
|---|---|
| /s/ Matt Neiderman<br>Matt Neiderman (No. 4018)<br>G. Wesley D. Quinton (No. 5377)<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801-1246<br>(302) 657-4920<br>(302) 657-4901 (facsimile)<br>mneiderman@duanemorris.com | /s/ Richard H. Cross, Jr.<br>Richard H. Cross, Jr. (No. 3576)<br>Patrick M. Brannigan (No. 4778)<br>913 North Market Street, 11th Floor<br>P.O. Box 1380<br>Wilmington, DE 19899-1380<br>(302) 777-4200<br>(302) 777-4224 (facsimile)<br>rcross@crosslaw.com<br>pbrannigan@crosslaw.com |
| Attorneys for Preferred Unlimited Inc. and Preferred Real Estate Investments, Inc. | Attorneys for Corkscrew Mining Ventures, Ltd. |
| Dated:  January 13, 2010 | Dated:  January 13, 2010 |

SO ORDERED, this _____ day of January, 2010      _____

The Honorable Sue L. Robinson